**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5093**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

        v.

DACARRUS VANCHELL STATON,

             Defendant – Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (5:04-cr-00153-FL-1)

Submitted:  March 30, 2011            Decided:  April 5, 2011

Before WILKINSON  and  KEENAN,  Circuit  Judges,  and  HAMILTON,
Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   George  E.B.  Holding,  United  States  Attorney,
Jennifer P. May-Parker, Kristine L. Fritz, Assistant United
States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dacarrus Staton appeals the district court's order revoking his supervised release and sentencing him to twenty-four months' imprisonment. On appeal, Staton contends that the sentence is plainly unreasonable. Finding no reversible error, we affirm.

A district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). We will affirm unless the sentence is "plainly unreasonable" in light of the applicable 18 U.S.C. § 3553(a) (2006) factors. United States v. Crudup, 461 F.3d 433, 437 (4th Cir. 2006).

In reviewing the sentence imposed by the district court, we first assess whether the sentence is unreasonable, "follow[ing] generally the procedural and substantive considerations that we employ in our review of original sentences." Id. at 438. A sentence is procedurally reasonable if the district court has considered the policy statements contained in chapter seven of the U.S. Sentencing Guidelines Manual ("USSG") and the applicable § 3553(a) factors and has explained adequately the sentence chosen. Id. at 439. A court need not, however, explain a revocation sentence in as much detail as is required upon imposition of the original sentence. Id. A sentence is substantively reasonable if the district

2

court states a proper basis for its imposition of a sentence up to the statutory maximum. Id. at 440. If, after considering the above, we determine that the sentence is not unreasonable, we will affirm. Id. at 439.

We hold that the district court's imposition of a twenty-four month term of imprisonment was not unreasonable. Procedurally, the district court adequately explained its chosen sentence and considered the § 3553(a) factors and USSG chapter seven policy statements. Substantively, the district court stated a proper basis and sentenced Staton within the statutory maximum. See 18 U.S.C. § 924(a) (2006). Because we conclude that Staton's sentence was not unreasonable, we need not consider whether it was plainly so.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED